UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| BARBARA HANDY, | ) CV 14-02149-SH |
| Plaintiff, | ) MEMORANDUM DECISION ) AND ORDER |
| v. | ) |
| CAROLYN W. COLVIN, Commissioner, Social Security Administration, | ) ) ) |
| Defendant. | ) |

This matter is before the Court for review of the Decision by the Commissioner of Social Security denying plaintiff's application for Disability Insurance Benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter Judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed their pleadings and their respective briefs in support of those pleadings. The plaintiff has also filed a Reply Brief, and the defendant has filed the

1

certified Administrative Record. After reviewing the matter, the Court concludes that the Decision of the Commissioner should be reversed and remanded, on the issue of fibromyalgia severity, rendering moot the remaining claims of error.

## I.  BACKGROUND

The Plaintiff Barbara Handy filed an application for Disability Insurance Benefits under Title II of the Social Security Act, alleging disability beginning June 28, 2010. (See Administrative Record ["AR"] 22; 136). The Commissioner initially denied the application on February 22, 2011, and again upon reconsideration on September 1, 2011. Thereafter, plaintiff filed a written request for hearing on September 21, 2011.  On February 22, 2012, plaintiff appeared and testified at a hearing. (Id.) The Administrative Law Judge ("ALJ") issued an Unfavorable Decision, finding that plaintiff was not disabled and was capable of performing less than the full range of light work. (See AR 32-34).

On May 22, 2012, plaintiff sought review of the Unfavorable Decision to the Appeals Council. (See AR 18). Plaintiff's counsel forwarded additional medical evidence to the Appeals Council on February 11, 2014. (See AR 1148-1158; 1159-1200). The Appeals Council denied plaintiff's request for review. It identified some of the new evidence submitted, but not all, and declined to consider additional medical records dated beyond March 23, 2012, the date of the ALJ's Decision.

Plaintiff challenges the ALJ's Decision denying disability benefits. She alleges six grounds on which the ALJ erred: (1) improperly declining to order remand for analysis of plaintiff's fibromyalgia in accord with Social Security Ruling 12-2p, (2) failing to give sufficient weight to plaintiff's treating physicians and improperly relying on the examining consultant, (3) improperly rejecting new evidence material to plaintiff's disability, (4) improperly rejecting plaintiff's subjective testimony as not credible, (5) improperly rejecting third

party testimony, and (6) failing to properly apply the appropriate Medical-Vocational Guideline, 201.14.

The parties phrase the various issues raised by plaintiff in terms of whether the ALJ properly considered the evidence and whether he gave appropriate weight to the treating physician, the credibility of the plaintiff, and third party testimony. This Court focuses on the issue of whether the ALJ's non-severity finding as to fibromyalgia was free of material error. Based on the totality of the record, including what was before the Appeals Council, the Court concludes that the ALJ clearly erred in finding that plaintiff's fibromyalgia was less than severe. This Court also finds that the Appeals Council erred in dismissing relevant evidence submitted after the ALJ's Decision.

## II. DISCUSSION

A severe impairment is one that significantly limits the physical or mental ability to perform basic work activities. 20 C.F.R. §404.1520 (2004). Plaintiff is not required to establish total disability at this level of the evaluation. Rather, the severe impairment requirement is a threshold element that plaintiff must prove in order to establish disability within the meaning of the Act. Bowen v. Yuckert, 482, U.S. 137, 146 (1987). An impairment will be considered non-severe when medical evidence establishes only a "slight abnormality or combination of slight abnormalities which would have not more than a minimal effect on the individual's ability to work, even if age, education or work experience were specifically considered." Social Security Ruling 85-28; Bowen v. Yuckert, 482 U.S. at 154.

With respect to the new evidence submitted to and rejected by the Appeals Council, defendant argues that this Court does not have jurisdiction to review a decision of the Appeals Council denying a request for review of the ALJ's Decision because the Appeals Council is a non-final agency action.

Brewes v. Astrue, 682 F.3d 1157, 1161 (9th Cir. 2012). Defendant's argument fails, however, because he has misinterpreted the holding of Brewes. Brewes held that "when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." Id. at 1159-60. Therefore, this Court has the jurisdiction and obligation to review the ALJ's Decision in light of the new evidence submitted to and considered by the Appeals Council. (See AR 6).

       The Appeals Council erred by dismissing the following evidence submitted by plaintiff after the ALJ's Decision: reports of medical records and examinations by Dr. Stanley L. Goodman, Dr. Alexander Angerman, and Dr. Phot Luisiri, and a letter from Janice Gaines, plaintiff's family therapist. This evidence was submitted after the March 23, 2012 Decision, but before the Appeals Council's denial of plaintiff's claim on February 25, 2014. Dr. Goodman's records were referenced by the Appeals Council but were never made part of the record. Dr. Angerman's November 12, 2012 examination of plaintiff reveals her long medical history. According to Dr. Angerman's report, plaintiff could not complete nerve conduction studies during an October 19, 2010 examination, "due to patient [sic] pain intolerance." (See AR 1191). Dr. Luisiri, a rheumatologist, diagnosed plaintiff with fibromyalgia in 2014, and listed limitations that would prevent plaintiff from performing more than sedentary work. (See AR 1149-1157). In describing the severity of the pain, Dr. Luisiri stated that plaintiff experiences "generalized pain." (See AR 1157). Lastly, the letter from Janice Gaines states that plaintiff has physical restrictions, and that the only reason why plaintiff was able to help care for her grandson is because she had help from other family members. (See AR 227).

       All of this indicates that plaintiff's fibromyalgia is severe. If new material

evidence is submitted to the Appeals Council, it must consider the additional evidence only where it relates to the period on or before the date of the ALJ's decision. 20 C.F.R. § 404.970(b). In addressing and dismissing the new evidence, the Appeals Council explained, "the new information is about a later time. Therefore, it does not affect the decision . . ." (See AR 2). Nevertheless, the Appeals Council erred. It should have considered the above reports, despite their taking place after the ALJ's decision, because they comment on plaintiff's fibromyalgia (and other impairments) during the relevant time period.

      Even without the additional evidence submitted to Appeals Council, the record upon which the ALJ relied was saturated with evidence corroborating plaintiff's claim that she suffers from severe fibromyalgia. Four doctors, including the examining physician, Dr. Taylor, whom the ALJ gave greater weight than plaintiff's treating physician, opined that there was, at the very least, a possibility that plaintiff suffers from fibromyalgia. (See AR 465). Another physician, Dr. Duc Thai Ngo, diagnosed plaintiff with fibromyalgia and noted that she is "painful especially at the fibromyalgia points", and that she experiences facial numbness most likely as a result of fibromyalgia. (See AR 296). This was briefly dismissed in the ALJ's decision simply because Dr. Ngo is not a rheumatologist. Nevertheless, the ALJ also failed to consider the medical examinations conducted in 2011 by Dr. Linda Miller Atkinson, a rheumatologist.

      The ALJs Decision regarding fibromyalgia was far too cursory.  In finding plaintiff's fibromyalgia non-severe , the ALJ's explanation was limited to the following:

> On the other hand, the claimant complains of several impairments that the medical record does not support as being "severe." Specifically, the claimant testified that she has had fibromyalgia for about six years and saw a rheumatologist about four years ago who diagnosed the condition but did not prescribe medication. The evidence is quite equivocal with

5

> respect to this impairment. There is no evidence of a rheumatological work-up in the record.

(See AR 24). Had the ALJ delved further into the record, he would have noted Dr. Atkinson's report that plaintiff exhibited "total body pain, [and] tender points consistent with a diagnosis of fibromyalgia. (See AR 681). Atkinson's report also indicates that plaintiff "has had many years of total body pain", takes Vicodin, and experiences fatigue as "the worst symptoms [sic]."

In sum, the ALJ's finding that plaintiff's fibromyalgia is non-severe is unsupported by the record. This is true independent of the later-submitted evidence to Appeals Council. The new evidence only reinforces this conclusion. This Court must consider whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error. Taylor v. Comm'r of Social Security, 659 F.3d 1228 (9th Cir. 2011). The foregoing evidence compels the conclusion that plaintiff's fibromyalgia is severe. The record as a whole indicates that her impairment is more than a slight abnormality and has more than a minimal effect on her ability to work.

If there is a need to further develop the record in order to determine the disability analysis, the ALJ should do so. But there is no question that plaintiff clearly satisfies the severity test. Fibromyalgia is a very difficult disease to diagnose; yet at least two doctors opined that plaintiff has multiple tender points consistent with a diagnosis of fibromyalgia. The totality of the picture is clear that fibromyalgia, which the ALJ deemed a medically determinable impairment from the outset of plaintiff's hearing, clearly had more than a minimal impact on her ability to work.

///

///

## ORDER

For the foregoing reasons, it is hereby adjudged that the Decision of the ALJ is reversed and remanded pursuant to Sentence 4 of 42 U.S.C. § 405(g).

Dated: September 30, 2014

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE